CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
December 01, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:21CR00018-001 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **JOHNNY HOBBS,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*Johnny Hobbs, Pro Se Defendant.*

The defendant, previously sentenced by this court, has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Hobbs seeks release on the grounds that he is the sole caregiver available for his grandmother, who requires assistance due to various medical conditions. For the reasons discussed below, his motion will be denied.

I.

Following a guilty plea, I sentenced Mr. Hobbs on December 10, 2021, to 60 months imprisonment for conspiracy to defraud the United States (Count One), in violation of 18 U.S.C. § 371, and conspiracy to commit mail fraud in connection with a presidentially declared major disaster or emergency (Count Two), in violation of 18 U.S.C. §§ 1349, 1341, the terms to be served concurrently. On March 20, 2023, I reduced his sentence from 60 months to 46 months each on Counts One and

Two, to run concurrently.  Dkt. No. 65.  Mr. Hobbs is currently incarcerated at RRM Raleigh with an anticipated release date of January 22, 2026.[1]

## II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  Even if extraordinary and compelling reasons for reduction exist, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief.  *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).  A defendant seeking compassionate release has the burden of establishing that relief is warranted.  *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

## III.

Mr. Hobbs seeks compassionate release to care for his 82-year-old grandmother, who has limited mobility and suffers from medical conditions such as degenerative bone disease.  Mr. Hobbs contends that he is the only immediate family member willing and able to care for his grandmother.

---

[1] Mr. Hobbs has also filed two pro se letters with the court, seeking credit for time served in state custody and seeking to modify his current sentence to the low end of the guideline range.  Dkt. Nos. 85, 86.  While I have considered these letters, I will not grant the requests made.

Family circumstances may warrant a reduction in a defendant's sentence if the defendant's immediate family member, including a grandparent, is incapacitated and the defendant is the "only available caregiver." U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b)(3)(D) (U.S. Sent'g Comm'n 2025). Case law does not articulate a precise standard for determining whether the immediate family member of a defendant is incapacitated. However, courts have found Federal Bureau of Prisons Program Statement 5050.50 to be instructive, which defines incapacitation — in the context of a defendant's spouse or registered partner — as having "[s]uffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair." U.S. Dep't of Justice, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, Federal Bureau of Prisons Program Statement No. 5050.50 (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

While I sympathize with Mr. Hobbs's concerns regarding his grandmother's health, he has not demonstrated that she is incapacitated. Her medical record supplied by Mr. Hobbs indicate that, although she uses a wheelchair, she is still able to move around for short distances. I find that there is an absent of extraordinary

and compelling reasons warranting release.  Accordingly, the court is not required to consider the 18 U.S.C. § 3553(a) sentencing factors.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion for Compassionate Release, Dkt. No. 87, is DENIED.

ENTER: December 1, 2025

/s/  JAMES P. JONES
Senior United States District Judge